11107

LITTLE v. SIMS

(115 S. E., 639)

1. APPEAL AND ERROR—APPEAL FROM UNAPPEALABLE ORDER OR REFERENCE DOES NOT OPERATE AS STAY OR SUPERSEDEAS.—An appeal from an order referring a case does not stay the reference nor act as a supersedeas; the order not being appealable.

2. MORTGAGES—DEFENSE BASED UPON PARTIAL WANT OF TITLE IN MORTGAGEE HELD UNTENABLE.—A defense in foreclosure on the ground that the deed of the land to secure the purchase price of which the mortgage was given recited that it carried all the vendor's "right and claim in the adjoining ·walls, same being one-half interest," and that in fact the vendor did not own any interest in such walls, *held* untenable.

3. MORTGAGES—ATTORNEY'S COMMISSIONS ON FORECLOSURE CONTRACTED FOR MAY BE REDUCED IF EXCESSIVE, UNREASONABLE, AND UNCONSCIONABLE.—On foreclosure of a mortgage on realty, the amount of attorney's commissions to be allowed may be reduced below the amount which the mortgagor actually contracted to pay, if such amount would be excessive, unreasonable, or unconscionable.

Before SEASE, J., Spartanburg, July, 1922. Affirmed.

Action by D. D. Little against E. L. Sims. Decree for plaintiff and defendant appeals.

The report of the Master, referred to in the opinion, was as follows:

This is a suit for the foreclosure of a mortgage given to plaintiff by defendant to secure her note for a portion of the purchase price of the lot of land covered by the mortgage, which is recorded in Book 113, at page 357. From an order referring the case, the defendant appealed. At the reference, notice of this appeal was given by defendant's counsel for the purpose of preserving whatever rights he might have by reason of said appeal. I must hold that the appeal does not stay the reference, since the order is not appealable. *Ferguson v. Harrison,* 34 S. C., 169; 13 S. E., 332; *Devereux v. McCrady,* 49 S. C., 423; 27 S. E., 467; *Williams v. Newton,* 84 S. C., 100; 65 S. E., 959. Such an appeal does not act as a supersedesa. *McDaniel v. R. R.,* 76 S. C., 189; 56 S. E., 956.

The complaint in this case is the ordinary complaint in foreclosure. About October 15, 1919, plaintiff conveyed to the defendant a lot of land on the east side of Magnolia Street, in the City of Spartanburg, 25x157.6 feet, being lot No. 2 on plat of American Investment Company's property. The consideration expressed in the deed was $5,000.00, whereof $3,571.47 was represented by note and mortgage of that date. Plaintiff seeks the foreclosure of this mortgage for the greater purchase price. Nothing has been paid thereon except the sum of $38.23 on October 29, 1919.

The defendant seeks to resist the foreclosure, alleging that in the deed given to her by plaintiff the following sentence appears: "This deed carries all my right and claim in the adjoining walls, same being one-half interest." It is contended that defendant has ascertained since the conveyance that plaintiff did not own any interest in the brick walls on either side of the lot in question; that there is already another action pending between the parties in this Court in which this issue is raised, and that, if plaintiff be given judgment upon his mortgage, the defendant should be allowed, as a

counterclaim thereto, the value of one-half of the brick walls on the two adjacent lots.

Such a claim cannot be interposed as a defense to an action for the foreclosure of a mortgage given for the purchase money. The right to foreclose in such case is so abundantly shown by a long line of decisions from our own Court that it would be useless to discuss the question here. *Whitworth v. Stuckey,* 18 S. C. Eq., 405; *Childs v. Alexander,* 22 S. C., 185; *Lessly v. Bowie,* 27 S. C., 193; 3 S. E., 199; *Moss v. Jefferies,* 32 S. C., 195; 10 S. E., 939; *Coleman v. Whittle,* 79 S. C., 216; 60 S. E., 523; 128 Am. St. Rep., 841. There are numerous other decisions to the same point, and, so far as I have been able to ascertain, the current of decisions is unbroken by any contrary authority in this State. I have only found one case to the contrary, and that is the case of *Harvey v. Ryan,* 59 W. Va., 134; 53 S. E., 7; 7 L. R. A. (N. S.), 445; 115 Am. St. Rep., 897.

Defendant's contention cannot be sustained upon the merits. The plaintiff's witness, L. P. Epton, testifies that he added the sentence hereinabove quoted from the defendant's deed after the same had been executed by the plaintiff, and at the request of C. P. Sims, Esq., the plaintiff's husband, who handled this transaction for her. I can find no reason to discredit Mr. Epton's testimony. He does not appear to have any interest in the case or any reason for making any false statement. His testimony was a display of moral courage, and was not weakened by cross-examination. Nor can I believe that defendant was misled by any representations on the part of Epton to the effect that Little owned a half interest in the brick walls on the two adjacent lots. Epton says that at Little's suggestion he told Sims that he had a right to use the adjoining walls by paying one-half the cost of the walls. The statute says the same thing. Code of 1912, Vol. 1, § 3541. Knowledge of the law is imputed to all litigants, and ignorance of the

law excuses none.   Is it reasonable to suppose that defendant was misled into believing that the plaintiff, as the owner of this lot of land whereon no building stands except an old wooden shanty, had already purchased a half interest in the walls upon the two adjacent lots against the time when he might decide to erect a brick building upon his property? The plaintiff testifies that the sentence referring to the half interest in the brick walls was added after he had executed the deed, and without any authority or permission from him. Mr. Epton testifies to the same effect.   All of the facts and circumstances in the case tend to corroborate them.   I can see no reason to disbelieve them.

3.   I can find no reason whatever for any abatement in the amount of the plaintiff's note and mortgage.   The entire amount of the note and mortgage was promised to him on February 1, 1920, and it is now nearly a year and a half since that time.   During all that period he has received nothing.   I find that there is now due upon the plaintiff's note and mortgage the sum of $4,359.41, including $369.41 attorney's commissions, for which amount I recommend that the plaintiff have judgment against the defendant. Of course, under the case of *Coley v. Coley,* 94 S. C., 383; 77 S. E., 49, and perhaps in one other later decision, the amount of attorney's commissions to be allowed may be reduced below the amount which the mortgagor actually contracted to pay, if such amount would be excessive, unreasonable, or unconscionable.   I cannot find in this case that the amount which defendant has agreed to pay is more than moderate and reasonable compensation for the services which plaintiff's counsel are being required to perform in this case.

I recommend that the mortgage be ordered to be foreclosed, the equity of redemption barred, and that the mortgaged premises be ordered to be sold by the Master of Spartanburg County, after due advertisement, according to law and the custom of this Court, at public outcry, for the satis-

faction of the mortgage judgment, on salesday in September, 1921, or on some subsequent convenient salesday. From the proceeds arising from the sale of said property all of the costs and disbursements of this suit should first be paid, including any taxes that may be due upon the property; the balance should then be applied to the payment of the plaintiff's mortgage judgment; if a balance then remain, it should be paid to the defendant.

The payment upon the mortgage judgment should be paid to the plaintiff or to his attorneys of record, Messrs. Evans & Galbraith; if a balance remain, it should be paid to the defendant or to her attorneys, Messrs. L. G. Southard and William M. Jones.

*L. G. Southard* for appellant.

*Messrs. Evans & Galbraith,* for respondent, cite: *Claim for abatement in price improper defense to foreclosure procedure:* 18 S. C. Eq., 405; 22 S. C., 185; 27 S. C., 193; 32 S. C., 195; 79 S. C., 216.

January 18, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons in the Master's report stated, the judgment of the Circuit Court is affirmed.

MR. JUSTICES FRASER, COTHRAN, and MARION concur.

MR. JUSTICE MARION: I concur in the result upon the first ground assigned by the Master for the conclusion reached.